# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

PATRICIA WICHMANN and )
RAY WICHMANN, )
        )
  Plaintiffs, )
        )
vs. )  Case No. 4:06CV1457 HEA
        )
THE PROCTOR & GAMBLE )
MANUFACTURING COMPANY, )
et al., )
        )
  Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' Motion to Remand, [Doc. No. 14]. Defendants oppose the motion. For the reasons set forth below, the Motion is denied.

## Facts and Background

This is the second case involving Plaintiffs and their claims regarding the injuries allegedly sustained as a result of Patricia Wichmann's use of Pearl Brand tampons. Originally, this case was filed in the Circuit Court of the City of St. Louis, Missouri against Defendants Proctor and Gamble, Walgreen Co., Patrick Harmon and Tim Wilyard. Defendants removed the case to this Court based on diversity of citizenship, arguing that the resident defendants were fraudulently joined to defeat

diversity. Plaintiffs' Motion to Remand was denied and the Court, *sua sponte* dismissed the resident defendants. Plaintiffs moved for voluntary dismissal, which was granted on the conditions that in the event the matter was refiled, it would be filed in this Court and that previous discovery would apply to the newly filed case.

Plaintiffs indeed refiled the action, however not in this Court. Plaintiffs again filed the case in the Circuit Court for the City of St. Louis. The one difference in the second case is that Plaintiffs have named an additional defendant, Dierbergs Markets, Inc., a Missouri citizen. Defendants removed, once again on the grounds of diversity of citizenship, arguing that Dierbergs was fraudulently joined.[1]

The alleged facts, as previously set forth in the first case are summarized here. The Petition alleges that Proctor & Gamble is the manufacturer of Tampax Pearl tampons[2] and that defendants Walgreens Co. and Dierbergs market, sell and place into the channels of commerce these tampons. Specific to the Motion to

---

[1] Defendants have also filed a Motion to Reopen, [Doc. No. 10], the original case to enforce the Court's Order regarding conditions of refiling. Procedurally, the Court questions whether the Motion was properly filed in this case, in that it requests a reopening of the first case. By definition, it would appear that a motion to reopen should be filed in the matter which the party seeks to reopen. In any event, because of the ruling herein, the issue of reopening the first case is moot, because the Court has subject matter jurisdiction over this case and it is to remain pending in this Court.

[2] Tambrands, Inc. filed a Motion to Intervene, without objection, wherein it alleged that it was the manufacture of Tampaz Pearl tampons, the product in issue in this case. The Court granted this motion on October 20, 2006.

Remand, the Petition further alleges that the tampons were in a defective condition and were unreasonably dangerous to users, particularly plaintiff Wichmann, in that the material used as a component to the Tampax Pearl tampons caused, allowed and permitted the colonization of the bacteria which caused plaintiff to develop Toxic Shock Syndrome, (TSS). Furthermore, Plaintiffs alleged that Defendants were negligent when they: sold tampons without adequately testing or observing the manner in which the Tampax Pearl tampons caused, allowed and permitted the colonization of bacteria which causes TSS; sold tampons which included rayon as a component part of the Tampax Pearl tampons when they knew, or should have known, that rayon, as a component part of the tampon, caused, allowed and permitted the colonization of bacteria which causes TSS, and failing to advise or warn customers that the risk for the colonization of the bacteria that causes TSS when tampons are worn overnight exceeded any benefit of such use.

The Petition also alleges loss of consortium claims on behalf of Plaintiff Ray Wichmann against each of the defendants.

Plaintiffs move to remand arguing that because Dierbergs is a Missouri citizen, as are plaintiffs, the Court lacks diversity jurisdiction.

### Discussion

In determining whether the Court has complete diversity, the Court must look

to the allegations in the complaint. "Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 83-84 (8th Cir. 1983)(per curiam); *accord BP Chem. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir.), __ U.S. __, 123 S.Ct. 343, 154 L.Ed.2d 250 (2002). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002).

The Eighth Circuit has recently articulated considerations a district court should take into account when dealing with fraudulent-joinder. "A proper review should give paramount consideration to the reasonableness of the basis underlying the state claim." *Menz v. New Holland North America, Inc., et al.,* 440 F.3d 1002, 1004 (8th Cir.2006) (quoting *Filla v. Norfolk S. Ry.,* 336 F.3d 806, 810 (8th Cir.2003)). "Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." *Filla,* 336 F.3d at 810. It has also been recognized by the Eighth Circuit that it must be "clear under state law that the complaint does not state a cause of action against the non-diverse defendant." *Iowa Public Service Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir.1977). Thus, if no reasonable basis in fact and law supports the claim against the resident

defendants, joinder is fraudulent. *Wiles,* 280 F.3d at 871.

Defendants argue that joinder of Dierbergs is fraudulent because of the Missouri "innocent seller" statute. Pursuant to Rev.Stat.Mo. §§ 537.762 and 537.760,[3] a defendant whose liability is based solely on his status as a seller in the stream of commerce when the manufacturer is properly before the Court may be dismissed from the action. In this case, the claims against Dierbergs, both the strict liability allegations and those sounding in negligence, are based on Dierbergs' status as the seller of the tampons which allegedly caused the complained of injuries. Tambrands, Inc., the manufacturer of the tampons is properly before the Court and available for full recovery.

Plaintiffs argue that Dierbergs is not sued solely in its capacity as the seller, but rather that it is also liable to Plaintiffs in negligence because it failed to test or observe the manner of use of the tampons, and failed to advise and warn Plaintiffs of the risks of overnight use of the tampons which contained rayon as a component part. This argument fails because there is no reasonable basis in law or fact which would impose a duty on the part of Dierbergs, as the seller of the subject tampons, to inspect or test the tampons or to warn Plaintiffs of the risks involved in the use of

---

[3] The Court agrees with Defendants that this statute's substantive provisions, as discussed in *Gramex Corp. V. Green Supply, Inc.*, 89 S.W.3d 432, 445 (Mo. banc 2002) are applicable to the instant case under the *Erie* doctrine. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938).

the tampons.

As this Court has previously ruled in the original *Wichmann* case, the Federal Drug Administration (FDA) has promulgated specific regulations mandating the substantive content of TSS warnings on tampon boxes. *See* 21 C.F.R. § 801.430. In this case, the regulations at issue are "not only device specific (tampons), but also disease-specific (TSS)." *Papike v. Tambrands, Inc.*, 107 F.3d 737, 740 (9th Cir. 1997). It is clear, therefore, that the federal regulators considered exactly the risk that plaintiff Wichmann was exposed to and determined how best to warn consumers of this risk. Plaintiffs are once again attempting to impose a duty on the resident defendant which exceeds federal regulations. Warnings regarding the use of tampons have been mandated by federal regulation. 21 C.F.R. § 801.430(d)(3). Thus, the allegations regarding Dierbergs' duty *vis a vis* tampon testing and usage would require Dierbergs to go beyond the federally required warnings, (which are contained on the product packaging itself) and engage in highly scientific testing and experimentation. The absurdity of requiring a *grocer* to test the products it sells and report to its customers the risks of all of those products establishes the lack of a reasonable basis in fact or law of a duty owed by Dierbergs to Plaintiffs. Without the requisite duty, there can be no negligence claim against Dierbergs. *Cupp v. National Railroad Passenger Corp.*, 138 S.W.3d 766, 771 (E.D. Mo. 2004).

## Conclusion

Because the claims against Defendant Dierbergs lacks a reasonable basis in law or fact, joinder of Dierbergs was fraudulent. *See Wiles*, 280 F.3d at 871 ("Here, no reasonable basis in fact and law is alleged which will support a claim against the non-diverse defendants."); *see also, Reeb v. Wal-Mart Stores, Inc.* 902 F.Supp. 185, 187. As such, Dierbergs is entitled to dismissal. The Court, therefore *sua sponte* dismisses this action against it. Without the presence of Dierbergs in this case, complete diversity exists.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Remand, [Doc. # 14], is denied.

**IT IS FURTHER ORDERED** that Defendant Dierbergs Markets is dismissed from this action.

**IT IS FURTHER ORDERED** that Defendants' Motion to Reopen, [Doc. No. 10] is denied, however, based on the Court's previous Order in Cause Number 4:05CV1095 HEA, any discovery conducted in that case shall apply to, and shall be used in, this case.

Dated this 11th day of December, 2006.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE