# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA WICHMANN and RAY WICHMANN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:06CV1457 HEA |
| THE PROCTOR & GAMBLE MANUFACTURING COMPANY, et al., | ) ) ) ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Reconsider, [Doc. No. 24], and Plaintiffs' Motion to Certify Order Denying Remand and Dismissing Dierbergs Markets, Inc, for Interlocutory Appeal, [Doc. No. 26]. Defendants oppose the motions. For the reasons set forth below, the Motions are denied.

## Facts and Background

The facts and background of this action are set forth in the Court's previous order. With respect to these motions, Plaintiffs seek reconsideration of the Court's December 11, 2006 Order, wherein the Court dismissed Defendant Dierbergs Markets, Inc. based on fraudulent joinder. Alternatively, Plaintiffs seek certification of the Order for an interlocutory appeal under Rule 54(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1292(b).

## Discussion

### Motion to Reconsider

The Federal Rules of Civil Procedure "do not mention motions for reconsideration." *Broadway v. Norris,* 193 F.3d 987, 989 (8th Cir.1999). However, the Eighth Circuit Court of Appeals has "determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.' *Anderson v. Raymond Corp.,* 340 F.3d 520, 525 (8th Cir.2003) (citing *Broadway,* 193 F.3d at 989)." *Elder-Keep v. Aksamit,* 460 F.3d 979, 984 - 985 (8th Cir 2006). (as noted in the footnote, "The plain language of Rule 60 states that it applies to 'a final judgment, order, or proceeding.' The district court 'may' relieve a party from such an order when, for example, the party demonstrates 'mistake, inadvertence, surprise, or excusable neglect' or 'any other reason justifying relief from the operation of the judgment.' Fed.R.Civ.P. 60(b)(1), (6)." *Id.*, Footnote 5).

Rule 60(b) allows a party to seek relief from a final judgment or order if the party can prove mistake, inadvertence, surprise, excusable neglect, fraud, the judgment is void, or for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Such relief, however, is an "extraordinary remedy" that is only justified by "exceptional circumstances." *Watkins v. Lundell*, 169 F.3d

540, 544-45 (8th Cir. 1999). Further, Rule 60(b) is "not a vehicle for simple reargument on the merits." *Broadway*, 193 F.3d at 990.

Plaintiffs are attempting to make the same arguments that were made in their previous pleadings, and other related filings with the court.

In its Order of December 11, 2006, the Court articulated its reasoning for dismissing Dierbergs. The Court reiterated the standard for determining fraudulent joinder as set forth by the Eighth Circuit: "A proper review should give paramount consideration to the reasonableness of the basis underlying the state claim." *Menz v. New Holland North America, Inc., et al.,* 440 F.3d 1002, 1004 (8th Cir.2006) (quoting *Filla v. Norfolk S. Ry.,* 336 F.3d 806, 810 (8th Cir.2003)). The focus in determining whether a defendant has been fraudulently joined for the purpose of defeating diversity jurisdiction is on the reasonableness of the basis for the underlying claim. Because the innocent seller statute of Missouri, § 537.762 R.S.Mo., allows a seller to be dismissed under the conditions set forth in the statute, the Court determined that Plaintiffs' action against Dierbergs did not have a reasonable basis.

Likewise, as the Order set forth, because of the specific FDA regulations regarding specific warnings to be placed on tampon packages, the claim against Dierbergs that it failed to warn its customers of the risks of tampon use was not

reasonably based in fact or law.

**<u>Motion to Certify</u>**

Plaintiffs seek certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1292(b). Section 1292(b) provides the requirements necessary for certification of an interlocutory order for appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

This provision sets forth three requirements that must be met before a district court opinion may be certified for interlocutory appeal. *White v. Nix,* 43 F.3d 374, 377 (8th Cir.1994). Specifically, "the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial grounds for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Id. See also SBL v. Evans,* 80 F.3d 307, 309-310 (8th Cir.1996). The Eighth Circuit has also emphasized that "it is the policy of the

courts to discourage piecemeal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White,* 43 F.3d at 376. *See also Control Data Corp. v. International Business Machines Corp.,* 421 F .2d 323, 325 (8th Cir.1970) ("It has, of course, long been the policy of the courts to discourage piecemeal appeals...."). In accordance with the policy of discouraging interlocutory appeals, "§ 1292(b) should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation...." *White,* 43 F.3d at 376. In reaching this determination, the burden is on the movant "to demonstrate that the case is an exceptional one in which immediate appeal is warranted." *Id.* It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal. *Id.* A district court's grant of interlocutory appeal must be in writing, and must state the basis for the interlocutory appeal. *Federal Deposit Ins. Corp. v. First Nat. Bank of Waukesha, Wis.*, 604 F.Supp. 616, 620 (D.Wis.1985) ("he shall so state in writing in such order."). Furthermore, the application for appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

Plaintiffs argue that the Order denying remand satisfies all the requirements for certification. The Court however, disagrees. Quite evident from the facts

underlying this litigation is the unavoidable conclusion that certification would not materially advance the ultimate termination of the litigation. Were the Court to certify the fraudulent joinder issue, the underlying law suit would remain in the same state upon resolution of that particular issue. With or without Dierbergs as a defendant, the case will proceed on the substantive liability issues that form the basis of Plaintiffs' claims. Thus, not all of the prerequisites of certification can be met and certification must be denied.

## Conclusion

Based on the foregoing analysis, the Court finds no basis upon which to reconsider its Order dismissing Dierbergs and further finds that the grounds for certification of that Order pursuant to 28 U.S.C. § 1292 have not been satisfied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Reconsider, [Doc. No. 24], and Plaintiffs' Motion to Certify Order Denying Remand and Dismissing Dierbergs Markets, Inc, for Interlocutory Appeal, [Doc. No. 26], are denied.

Dated this 8th day of March, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE