# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PATRICIA WICHMANN and RAY WICHMANN, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:06CV1457 HEA ) |
| THE PROCTOR & GAMBLE MANUFACTURING COMPANY, et al., | ) ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Amended Motion for Voluntary Dismissal Without Prejudice as to Defendants Walgreen Company, The Procter & Gamble Manufacturing Co, and Tambrands, Inc., [Doc. No. 35]. Defendants oppose the Motion. For the reasons set forth below, the Motion is denied.

## Background

Plaintiffs initially brought this action in the Circuit Court for the City of St. Louis on June 10, 2005 against Defendants The Proctor & Gamble Manufacturing Company, Walgreen Company, Patrick Harmon and Tim Wilyard. Defendants removed the action to this Court, based on the Court's diversity of citizenship jurisdiction, 28 U.S.C. § 1332. Defendants contended in their Notice of Removal that Harmon and Wilyard, both citizens of the State of Missouri, were fraudulently

joined to defeat diversity.

Plaintiffs filed a Motion to Remand in which they contended that the Court lacked diversity of citizenship jurisdiction because of the presence in the suit of Harmon and Wilyard. The Court found that the Motion to Remand was not well taken because Harmon and Wilyard were fraudulently joined. The Court also dismissed these defendants in its Opinion, Memorandum and Order dated September 8, 2005.

On September 28, 2005, Plaintiffs filed a Motion to Voluntarily Dismiss Without Prejudice stating the reason for the Motion was that they wished to appeal the Court's dismissal of Harmon and Wilyard. When Defendants objected, Plaintiffs claimed that the appeal of the dismissal of these Defendants was only one of the reasons why Plaintiffs requested a dismissal without prejudice. Plaintiffs stated that they had other reasons for requesting dismissal, including recently discovered facts and developing medical evidence that needed to be investigated and evaluated. Plaintiffs advised the Court that they "would be willing to waive their right to appeal" the Court's dismissal order.

The Court granted Plaintiffs' Motion on October 14, 2005, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. This Court conditioned the dismissal without prejudice: any refiling of the action was required to be in this

Court, and all discovery obtained up to the dismissal date was to apply in any refiled action.

On August 30, 2006, Plaintiffs filed another action in the Circuit Court for the City of St. Louis. Plaintiff joined as a Defendant, Dierbergs Market, a citizen of Missouri. Defendants removed the action to this Court asserting that Plaintiffs had violated the Court's October 14, 2005 Order by filing the action in the State Court. Plaintiffs asserted that it was not the same action because of the joinder of Dierbergs.

Defendants removed the second action based on the Court's diversity jurisdiction, arguing that Dierbergs was fraudulently joined to defeat diversity. Plaintiffs moved to remand on the grounds that there was not complete diversity among the parties.

On December 12, 2006, the Court denied the Motion to Remand and dismissed Dierbergs as fraudulently joined. Plaintiff's Motion to Reconsider and Motion to Certify the Order for Immediate Appeal were denied on March 8, 2007. Plaintiffs now seek a voluntary dismissal of this action under Rule 41(a)(2) of the Federal Rules of Civil Procedure in order to appeal this Court's dismissal of Dierbergs.

**Discussion**

Rule 41(a)(2) is primarily intended to prevent a plaintiff from voluntarily dismissing a lawsuit when such a dismissal would "unfairly affect" the defendant. *See Paulucci v. City of Duluth,* 826 F.2d 780, 782 (8th Cir.1987). The decision to grant or deny a plaintiff's motion to voluntarily dismiss a lawsuit rests upon the discretion of the district court. *See, e.g., Cahalan v. Rohan,* 423 F.3d 815, 818 (8th Cir.2005). In determining whether to grant Plaintiffs' motion for voluntary dismissal, the Court considers the following factors: (1) whether Plaintiffs have presented a proper explanation for the desire to dismiss, (2) whether Defendants have expended considerable effort and expense in preparing for trial, (3) whether the Plaintiffs exhibited "excessive delay and lack of diligence" in prosecuting the case, and (4) whether Defendants have filed a motion for summary judgment. *Paulucci,* 826 F.2d at 783. "Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: 'to serve the just, speedy, and inexpensive determination of every action.'" *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 759 (8th Cir.2006)(*quoting* Fed.R.Civ.P. 1).

The Court recognizes that Plaintiff's request for dismissal without prejudice of the remaining defendants to appeal the dismissal of Dierbergs is consistent with the law in the Eighth Circuit. *See State of Mo. ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1105-06 (8th Cir.1999) (concluding, in a multiple defendant

case, a voluntary dismissal of a remaining defendant without prejudice under Rule 41(a) renders immediately appealable a previous order dismissing other defendants); *Johnston v. Cartwright,* 344 F.2d 773, 774 (8th Cir.1965) (concluding, in a multiple defendant case, a Rule 54(b) certification was not necessary to render final and appealable an order dismissing one defendant after the appellant sought and obtained leave to dismiss the case against two other defendants without prejudice); *Wilkinson v. Shackelford,* 478 F.3d 957, 962 (8th Cir. 2007)("This is not a single defendant/multiple claim case of the type involved in *Madsen, Minnesota Pet Breeders, DuBose*, and *Tietz.* This is a multiple defendant case where [plaintiff] dismissed without prejudice her claims against one defendant in order to appeal the dismissal of the claim against the other defendant. This case is therefore governed by *Coeur D'Alene.* As we explained there, the multiple-claim/single-defendant cases 'further the well-entrenched policy which bars a plaintiff from splitting its claims against a defendant. But this policy does not extend to requiring a plaintiff to join multiple defendants in a single lawsuit, so the policy is not violated when a plaintiff "unjoins" multiple defendants through a voluntary dismissal without prejudice." 164 F.3d at 1106. Thus, we have jurisdiction over this appeal.").

However, in general, a district court should not grant a motion for voluntary dismissal merely because Plaintiffs seek a more favorable forum or wishes to escape

an adverse decision. *Cahalan,* 423 F.3d at 818. In looking at the history and procedural background of this action and the previous suit, the Court is leery of Plaintiff's sincerity. Plaintiffs wanted to appeal the dismissal of Harmon and Wilyard, yet advised the Court that they would "waive" the appeal if the Court allowed them to voluntarily dismiss in order to conduct investigation and evaluation in the first dismissal. Plaintiffs did not join Dierbergs initially in the original suit, but did so in the second suit. It appears to the Court that Plaintiffs are indeed attempting to forum shop; Plaintiffs seem to be desperately trying to find a viable resident defendant to keep this case in State Court, in spite of the Court's original condition that the matter should be refiled in this Court.

## Conclusion

Based on the foregoing analysis, the Court finds that Plaintiffs' Motion to Voluntarily Dismiss is wholly inappropriate.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Amended Motion for Voluntary Dismissal Without Prejudice as to Defendants Walgreen Company, The Procter & Gamble Manufacturing Co, and Tambrands, Inc., [Doc. No. 35], is denied.

Dated this 22nd day of May, 2007.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE