UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PATRICIA WICHMANN and RAY WICHMANN, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:06-CV-01457 HEA<br>) |
| THE PROCTER & GAMBLE MANUFACTURING COMPANY, et al., | )<br>)<br>) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

To facilitate full discovery in this lawsuit, while protecting the parties; and third parties; interests in confidential, trade secret or proprietary information, which may be contained in certain documents, answers to interrogatories, requests for admissions, tangible things, and other information otherwise discoverable under the Federal Rules of Civil Procedure, but which should not be made available to either competitors or the public in general, the parties hereby stipulate and agree, and the Court orders, as follows:

1.   Any producing party may designate as "confidential" any document produced for inspection and copying, or any other document made a part of the record in this action, or any part thereof, or any information discussed, by labeling said document or information, or any part thereof, with the words "Confidential," "Proprietary," "Subject to Protective Order" or other words to that effect ("Confidential Information"). Except as may otherwise be provided by further order of the Court or stipulation of the producing party, documents designated as confidential, as well as the information contained therein, and extracts and summaries thereof, shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 2 below.

2.      Access and use of any Confidential Information shall be limited to: (a) the Court, the Court's support staff and any Court-appointed mediators, arbitrators or expert witnesses; (b) the parties and their officers, employees and agents who are providing assistance to counsel in this action (including in-house participating in the defense of this action), including any persons joined as parties in the future; (c) the parties' attorneys of record and those attorneys' associates, assistants, employees, and vendors; (d) consultants, technical experts, expert witnesses, potential fact witnesses and agents involved in the preparation of this action; (e) insurers or representatives of the parties; and (f) court reporters, their transcribers, assistants, and employees.

3.      In producing files and records for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents produced shall be considered as marked "Confidential." Thereafter, upon the inspecting party's selection of specified documents for copying, the producing party shall mark the confidential documents in accordance with Paragraph 1 of this protective order.

4.      Counsel may make copies of the confidential documents for experts or consultants, provided counsel first obtains the written agreement of each expert or consultant to be bound by the terms of this protective order. The requirements of obtaining such written agreement shall be satisfied by having each expert or consultant read, acknowledge and agree in writing to be bound by this protective order (in the form of the affidavit attached hereto as Exhibit A). A file of all such written acknowledgments shall be maintained by the party's counsel. By signing the affidavit and agreeing to be bound by this protective order, each expert or consultant submits himself or herself to the jurisdiction of this Court for purposes of the enforcement of this protective order.

5.  In addition to experts and consultants as discussed above, no other person (other than the Court and persons described in paragraph 2(c) and (f) above) shall have access to Confidential Information without having first read, acknowledged and agreed in writing to be bound by this protective order (in the form of the affidavit attached hereto as Exhibit A). This includes any potential fact witnesses who are shown, told or provided any Confidential Information. A file of all such written acknowledgments shall be maintained by the party obtaining them, and shall be produced upon the request of another party who reasonably believes its Confidential Information may have been improperly disclosed.

6.  Individuals or entities permitted access to Confidential Information are hereby ordered not to show, convey or reproduce any information or documents so designated, or parts thereof, or copies thereof, or any matters or information contained therein, or any extracts or summaries thereof, to any individual or to any entity who is not authorized to have access to said documents under the provisions of this order.

7.  Each person given access to Confidential Information shall segregate such material, keep it secure, treat it as confidential, and take all reasonable actions necessary to preserve the confidentiality of the information and ensure that access is limited to the person and for the use authorized under this protective order.

8.  If any party files with the Court a document designated as subject to the provisions of this protective order, or if any party submits to the Court a brief referring to any such document or any Confidential Information, the Clerk shall keep such document or information under seal and shall make it available only to the Court and persons authorized by the terms of this protective order to have access thereto. The person filing any such Confidential Information shall be responsible for designating to the clerk that it is subject to this protective

3

order and is to be kept under seal. At the conclusion of this case, including any appeals, such Confidential Information which has been filed with the Court under seal shall be returned to the party filing the document.

9. Written material constituting or revealing confidential, trade secret, proprietary or other Confidential Information shall be filed with the clerk in sealed envelopes or other sealed containers on which shall be endorsed the title of this action, an indication of the nature of its contents, the word "CONFIDENTIAL" and a statement substantially in the following form:

CONFIDENTIAL

SUBJECT TO PROTECTIVE ORDER

IN CASE NO. 4:06CV01457HEA

10. If a deponent refuses to agree to the non-disclosure provisions of this order, disclosure of Confidential Information during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits containing Confidential Information shall be given to the deponent.

11. Any party may designate any portion of a deposition, interrogatory answer or any other pleading or submission "confidential" as defined in this protective order. The transcript of any such deposition shall also be prominently marked on the cover with the words "Contains Confidential Information and is Subject to a Stipulated Confidentiality and Protective Order," or other words to that effect. Depositions or portions of depositions may be designated as confidential within 30 days after the receipt of the deposition transcript. Material so designated shall be subject to the same confidentiality and notice requirements as documents designated pursuant to the above paragraphs, and shall be filed under seal. The entire deposition, set of

interrogatory answers or pleading may be field under seal for convenience of the parties, but only the designated portions shall be deemed subject to the confidentiality and notice requirements.

12. Should any Confidential Information be inadvertently disclosed to any person not allowed access under the terms and provisions of this order, then the disclosing party, promptly upon becoming aware of such disclosure, shall (a) identify such person to the producing party; (b) inform such person of all the provisions of this order; (c) request that such person sign the affidavit in the form attached hereto as Exhibit A and provide the signed affidavit to the producing party; and (d) use its best efforts to retrieve all Confidential Information that the person was not authorized to receive.

13. Counsel for any producing party shall have the right to exclude from depositions any person (other than the deponent and the reporter and any videographer), who is not allowed access by this order to Confidential Information. Such right to exclude shall be applicable only during those periods of examination or testimony discussing, disclosing or directed to Confidential Information.

14. Any party may challenge the propriety of the designation of a given document or information as Confidential Information. If any party elects to challenge the designation of confidentiality of any document or information pursuant to this protective order, the challenging party shall notify the producing party of its challenge in writing. Within ten (10) business days of the receipt of such written notice, the producing party will either voluntarily remove the challenged designation or advise the challenging party that it will not remove the designation. If the parties cannot resolve such dispute among themselves, the challenging party or parties may seek appropriate relief from the Court. If such a motion is made, the producing party shall have the burden to establish that the designation is proper. All documents, testimony or other

5

materials designated by the producing party as Confidential Information, however, shall retain their status as confidential until such time as the Court enters an order otherwise and the time for taking an interlocutory appeal from such order has expired. In the event an interlocutory appeal is timely filed, the testimony or other information designated as Confidential Information shall retain their status as confidential until a ruling from the court of appeals.

15. Nothing herein shall restrict a recipient, for use in connection with this action, from making working copies, abstracts, digests and analyses of Confidential Information or from preparing documents for filing disclosing such information. However, all such working copies, abstracts, digests, analyses and/or filings shall be deemed to have the same level of protection under the terms of this order as the original discovery material. Further, nothing herein shall restrict an authorized recipient from converting or translating Confidential Information into electronic or machine-readable form for incorporation into a date retrieval system used in connection with this action, provided that use of and access to such converted information, in whatever form stored or reproduced, shall be subject to the same terms and restrictions provided in this order as is the original Confidential Information.

16. In the event that a document as to which a privilege from production or disclosure is claimed (including but not limited to attorney-client privilege and/or the work product doctrine) is inadvertently disclosed during document inspection and/or copying, such inadvertent disclosure shall not constitute a waiver of any privilege with respect to such document or any other documents, and such document (and all copies made thereof), will be promptly returned to the producing party upon demand.

17. Production of documents on which there are notations indicating that they were carbon copied or otherwise transmitted to in-house or outside attorneys or claim representatives

does not constitute a waiver of the attorney-client privilege or work product immunity as to: (a) any other documents or communications; or (b) any communications with any attorneys.

18.     In the event any entity, person or party bound by this order having possession, custody or control of any Confidential Information receives a subpoena, other process or court order to produce such Confidential Information in any case, proceeding or forum, such entity, person or party shall timely notify the attorneys of record of the producing party herein (or the producing party itself if not represented by counsel), and shall timely furnish such attorneys or party with a copy of said subpoena, other process or order. The producing party shall have the burden of opposing such subpoena, process or order if it wishes to prevent disclosure of the Confidential Information. The Confidential Information will be maintained and not disclosed until after any final judgment by a court of competent jurisdiction, including appeals, on any motion to quash or for protective order that is filed.

19.     Before any producing party or recipient seeks this Court's assistance concerning any dispute regarding any provision in this order, it shall first confer in good faith with any opposing or producing party to attempt to resolve the dispute. All attorneys will be held to a high standard of professionalism attempting to resolve any disputes arising under this order before seeking the assistance of this Court.

20.     The provisions of this order shall govern discovery and all pretrial, trial, and post-trial proceedings related to this action.

21.     In the event that any Confidential Information is used in any Court proceeding in this action, it shall not necessarily lose its confidential status through such use. Counsel intending to use Confidential Information at trial shall give the producing party written notice by listing the Confidential Information on the party's Trial Exhibit List (in accordance with the

7

Court's Amended Case Management Order, paragraph 11(3)) including the notation "Subject to Protective Order." Counsel intending to use Confidential Information in some other proceeding will give the producing party 7 days written notice.

22.  This protective order shall remain in effect after the conclusion of this case, and this Court shall retain concurrent jurisdiction to enforce the terms of this protective order with the state and federal courts from the location of the business from which the confidential documents were produced.

23.  This order is entered for the purpose of facilitating the exchange of documents and other materials without involving the Court unnecessarily in the process. Nothing in this order, nor the production of any document or other materials under the terms of this order, nor any proceedings pursuant to this order shall be deemed: (a) to have the effect of an admission or waiver by any party or third party; (b) to alter the confidentiality or non-confidentiality of any such document or other material; or (c) to alter any existing obligation of any party or third party.

24.  The entry of this protective order shall not:

   (a)   constitute a waiver of any party's right to seek at a future time relief from the Court from any or all provision of this protective order including the right to seek an order granting access to specific documents designated as confidential to be used or disclosed in a manner contrary to that authorized herein;

   (b)   be construed as an admission or agreement that any material designated as confidential is in fact confidential, or comprises a trade secret, or otherwise is entitled to any protective relief whatsoever;

   (c)   constitute a waiver of any party's rights to claim in this lawsuit or hereafter that any documents are privileged or otherwise undiscoverable; or

    (d) constitute a waive of any party's rights to claim in this lawsuit that it is entitled to recover costs incurred in complying with the terms of this Protective Order.

  25. At the conclusion of this case and all other cases involving tampon products and that involve the producing party (which shall be upon entry of a final judgment in the last of any proceeding under the case number regardless of whether an appeal is taken by any party), all Confidential Information produced by any party and designated as subject to this order, and whether or not filed or identified as an exhibit in this proceeding, including all copies, extracts and summaries thereof, shall be returned upon request to the producing party within thirty (30) days after such request is made unless the Court otherwise orders pursuant to the filing of an appropriate motion. One copy of the returned documents shall be maintained by the producing party. Attorney work product containing Confidential Information may be destroyed instead of being returned to the producing party, provided that counsel certifies in writing no later than 30 days after the request of the producing party that such destruction has occurred.

SO AGREED:

_____
James R. Bartimus, Esq.
Stephen M. Gorny, Esq.
Bartimus, Frickleton, Robertson &
  Gorny, P.C.
11150 Overbrook Road, Suite 200
Leawood, Kansas 66211

Michael D. Stokes, Esq.
Gonzalo A. Fernandez, Esq.
James P. Leonard, Esq.
Devereaux, Stokes, Nolan, Fernandez
  & Leonard, P.C.
133 South 11th Street, Suite 350
St. Louis, Missouri 63102

Michael A. Gross, Esq.
Law Office of Michael A. Gross
34 N. Brentwood Boulevard, Suite 207
St. Louis, Missouri 63105

ATTORNEYS FOR PLAINTIFFS

SO ORDERED.

_____
Frank N. Gundlach  #3291
Lisa M. Wood  #2707
Armstrong Teasdale LLP
One Metropolitan Square, Suite 2600
St. Louis, Missouri 63102-2740

Frank C. Woodside, III, Mo. #44313
Jeffrey P. Hinebaugh
Mary Jo Middelhoff, Mo. #57336
Melissa L. Korfhage
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202

ATTORNEYS FOR DEFENDANTS

_____
United States District Judge
11·14·07